Stephens v. State.

---

STEPHENS v. THE STATE.

Having counterfeit notes—description—gist of the offence—stealing bank notes—discharge from the penitentiary.

Where written instruments enter into the gist of the offence, as in forgery, sending threatening letters, the having blank counterfeit notes with intent to fill up and pass, &c., they should be set out in the indictment.
They need not be set out on a charge for stealing them.

ERROR to the Hamilton county Court of Common Pleas.

BY THE COURT.   The Court in Bank has already decided upon this record, as to another defendant, 5 *O. R.* 269.   When written instruments enter into the gist of the offence, as in forgery, libel, sending threatening letters, &c., they must be set out.   But this will not hold in cases of larceny of notes; because the offence is the act of stealing, and the contents of the note have no connec-

74

tion with the crime; *Arch. C. Pl.* 19; 1 *East. P. C.* 1123; 6 *T. R.* 162. The indictment in this case charges the defendant with having 200 counterfeit notes in possession, not filled up, with intention to fill them up, in imitation of genuine notes of the Bank of the United States. The notes are not set out. In this class of cases, the instrument should be set out, that the court may judge whether they are such that the forging and circulating them constitute the crime of forgery.

The judgment is reversed, and the prisoner ordered to be discharged from the penitentiary. 29 *O. L.* 160.

Copy of forged notes must be given in indictment; *Dana v. State*, 2 *O. L.* 91, 95.

